IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                           No. 1:23-cr-1617-WJ

JASON ROPER,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S APPEAL OF MAGISTRATE'S DETENTION ORDER UNDER 18 U.S.C. § 3145

**THIS MATTER** comes before the Court on Defendant's Motion (**Doc. 16**) appealing the Magistrate Judge's Detention Order. The Government opposes Defendant's release. Following this appeal, the Court held a detention hearing on January 30, 2024. After conducting a *de novo* review, the Court **DENIES** Defendant's Motion and **AFFIRMS** the detention order.

## BACKGROUND

Defendant Jason Roper is charged with three counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951. **Doc. 2 (Indictment)**. On the same day, November 1, 2023, an arrest warrant was issued (**Doc. 3**). Then, on November 13, 2023, United States Magistrate Judge Briones conducted a detention hearing (**Docs. 12 & 20**). After the hearing, Judge Briones entered a detention order (**Doc. 13**), finding "that no condition or combination of conditions of release will reasonably assure" the safety of the community or the Defendant's appearance. At the hearing, Judge Briones found that Mr. Roper was a "flight risk" and "also a danger to the community." **Doc. 20 at 8–9**. Mr. Roper, through counsel, filed a motion (**Doc. 16**) appealing the Magistrate Judge's Detention Order (**Doc. 13**).

1

After extensively reviewing all then-available information[1] in the case and holding a hearing[2] on the matter, the Court now issues this Memorandum Opinion and Order denying the appeal. For the reasons below and for the reasons stated in the Court's oral pronouncement[3] at the conclusion of the January 30, 2024, hearing on Defendant's appeal of detention order, the Court finds Defendant is both a flight risk and a danger to the community. Moreover, there is no condition or combination of conditions that will reasonably assure his appearance or the safety of the community.

## DISCUSSION

When the Government moves for pretrial detention, a court must determine if the Defendant poses a "serious risk" of fleeing or threatening the safety of the community. *United States v. Ailon-Ailon*, 875 F.3d 1334, 1336 (10th Cir. 2017). Once a person is ordered detained by a magistrate judge, that individual may file an "appeal from a release or detention order." 18 U.S.C. § 3145(c). At this stage, a district court acts *de novo* and must make an independent judgment. *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). Accordingly, this Court, like the Magistrate Judge, is governed by the 18 U.S.C. § 3142 factors—meaning a Defendant may be detained pending trial only if the Court finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1); *see also Cisneros*, 328 F.3d at 616 (stating that the

---

[1] In ruling on Defendant's appeal of the detention order, this Court examined the following: the Indictment (**Doc. 2**), the Pretrial Services Report (**Doc. 11**), the Detention Hearing Transcript (**Doc. 20**), the Detention Order (**Doc. 13**), the Pretrial Services' Memorandum (**Doc. 25**), Defendant's Motion (**Doc. 16**), and the transcript from the 2023 Supervised Release violation hearing (**Doc. 124 at #09-cr-1866**).

[2] New evidence may presented and considered at a detention appeal, *Cisneros*, 328 F.3d at 617, although there is no requirement that new information be available or presented. *United States v. Garcia*, 445 F. App'x 105, 108 (10th Cir. 2011) (per curiam) (unpublished). At the appeal hearing, the Court heard no new evidence from Defense but heard testimony from Agent Romero on behalf of the United States. Additionally, the Court took judicial notice of the May 24, 2023, supervised release violation proceeding (**Doc. 124 at #09-cr-1866**).

[3] The Court specifically references the findings stated on the record regarding the factors the Court must consider under 18 U.S.C. § 3142(g).

government must prove risk of flight by a preponderance of the evidence and dangerousness to any other person and the community by clear and convincing evidence).

Defendant argues that the combination of "GPS monitoring" in conjunction with his release to "La Pasada" will reasonably assure his appearance (**Doc. 16 at 3–4**). Mr. Roper also argues that he is not dangerous, but (even if he is) these conditions "address any concerns." *Id.* **at 5**.

The Government pushed back—arguing that Defendant has a history of absconding and failing to appear (**Doc. 11 at 3**). The Court agrees that Mr. Roper is a flight risk. Additionally, the Government aptly pointed out that the only years in which Mr. Roper was not racking up new criminal charges were the years he was incarcerated (**Doc. 20 at 4**). Moreover, the Government pointed to Defendant's criminal history to demonstrate he has a history of violent crime (**Doc. 20 at 4**), including: aggravated assault, aggravated battery, and armed bank robbery[4]. **Doc. 11 at 6–8**. A review of the Pretrial Services Report shows that Mr. Roper endangered the lives of those in the community while armed with a weapon on two other occasions prior to the charged conduct. He is clearly a danger. *See United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989) (explaining safety of the community is expansive and is not simply about physical violence).

After conducting a *de novo* review and holding a hearing, the Court agrees with Magistrate Judge Briones's (**Doc. 13**) and Pretrial Services' (**Docs. 11 & 25**) assessment. Having considered the factors set forth in Section 3142(g), the Court finds each one weighs against releasing the Defendant for the reasons stated on the record. *See United States v. Mobley*, 720 F. App'x 441, 443–44 (10th Cir. 2017) (applying the Section 3142(g) factors) (unpublished). The Court finds by a preponderance of the evidence that Mr. Roper is a flight risk and by clear and convincing

---

[4] Defendant was convicted and sentenced (**Docs. 48 & 53 at #09-cr-1866**) to 141 months' custody with 5 years' supervised release for armed bank robbery, use of a firearm in relation to a crime of violence, and felon in possession in violation of 18 U.S.C. §§ 2113(a), (d), 924(c)(1)(A), 922(g)(1), and 924(a)(2).

evidence that he is a danger to the community. Specifically, Mr. Roper's history and the magnitude of the charges pending against him make him a risk of flight—while his history of violent behavior, weapons use, and similar criminal activity indicate there is no condition or combination of conditions that would reasonably assure the community is safe.

**IT IS THEREFORE ORDERED** that:

(1) Defendant's Motion (**Doc. 16**) appealing the Magistrate Judge's detention order is **DENIED**;

(2) The Magistrate Judge's Order of Detention (**Doc. 13**) is **AFFIRMED**; and

(3) Mr. Roper shall remain in the custody of the U.S. Marshal pending trial or further order of the Court.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE