IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

    Plaintiff,

    v.                                        No. 1:23-cr-1617-WJ

**JASON ROPER**,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING IN PART DEFENDANT'S MOTION TO EXCLUDE and
GRANTING UNITED STATES' MOTION TO ADMIT PRIOR CONVICTIONS**

**THIS MATTER** is before the Court on dueling motions. First is the Defendant Roper's Motion to Exclude Criminal History Evidence (**Doc. 117**). Second is the United States' Rule 609 Motion to Admit (**Doc. 119**). Having reviewed the briefs[1] and relevant law, and being otherwise fully informed, the Court **DENIES in part** Defendant's Motion to Exclude and **GRANTS** the United States' Motion.

BACKGROUND

An overview of Roper's criminal history is necessary to resolve the Motions at hand. Thus, the facts that follow deal with an earlier criminal case. *See United States v. Roper*, No. 09-cr-1866 (D.N.M.).

In June 2009, Roper was charged by criminal Complaint with armed bank robbery. *See* **Doc. 1**. A month later, a four-Count Indictment was filed charging him with: (1) armed bank

---

[1] Here, both parties filed dueling motions about Roper's criminal history on October 28, 2024. Usually, a party has fourteen days to file a response. *See* D.N.M.LR-CR. 47.8(a). But this Court's previous Order (**Doc. 103-1**) shortened the Response window to five days. Because these motions substantially talk over one another, the issues are sufficiently briefed—meaning they are ready for a ruling.

1

robbery, (2) use of a firearm in relation to a crime of violence, (3) felon in possession of a firearm and ammunition, and (4) possession of a stolen firearm. **Doc. 14**. Then, in April 2010, Roper: (1) entered into a plea agreement, and (2) pleaded guilty before a Magistrate Judge. *See* **Docs. 41–43**. Specifically, Roper pleaded guilty to Counts 1–3 of the Indictment. **Doc. 42 at ¶ 3**.

A Presentence Investigation Report ("PSR") was prepared, *see* **Doc. 46** (citing PSR), indicating Roper's § 924(c)(1)(A) conviction carried a minimum term of seven years—to run consecutive to any other sentence imposed. **Doc. 42 at ¶ 4**. The PSR also calculated Roper's advisory Guidelines range to be 57–71 months in addition to the seven-year statutory minimum. *See* **Doc. 46 at 1**.

Ultimately, Chief United States District Judge Bruce Black sentenced Roper to 141 months' imprisonment. *See* **Doc. 48**. Judgment was entered on December 22, 2010. ***Ibid.***[2]

Roper was released from the Bureau of Prisons on or about October 23, 2020. *See* **Doc. 60**.

\* \* \*

In the current case, *United States v. Roper*, No. 23-cr-1617 (D.N.M.), Roper is charged with three counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (**Doc. 2**). Roper is alleged to have robbed three "Ross Dress For Less" stores—with the first robbery occurring on August 14, the second on August 15, and the third on September 8, 2022. ***Ibid.***

## DISCUSSION

The parties disagree on what aspects, if any, of Roper's criminal history are relevant and admissible. Roper argues that: (1) his previous conviction for robbery, (2) the fact he was on supervised release during the alleged robberies in this case, and (3) the revocation of his supervision should all be excluded (**Doc. 117 at 1**). The United States disagrees; arguing pursuant

---

[2] An "Amended Judgment" was filed on April 25, 2012, to correct a clerical mistake. *See* **Doc. 53** (case number 09-cr-1866).

to Federal Rule of Evidence 609 that Roper's prior felony convictions are admissible (if he testifies). **Doc. 119**.

The Court begins by discussing why Roper's prior convictions in the 2009 case are admissible. The Court then explains why Roper's supervised release status is irrelevant and inadmissible.

**I. Impeachment by Felony Conviction**

Roper hopes to exclude his "previous[] convict[ion from] over a decade ago." **Doc. 117 at 2**. But certain protections recede when a criminal defendant chooses to testify.[3] Rule 609 states that a witness's character may be impeached by felony criminal convictions. Fed. R. Evid. 609(a). As applied to testifying defendants, the Rule goes on to state the evidence of a criminal conviction "must be admitted in a criminal case in which the witness is a defendant." *Id.* at (a)(1)(B).

It's true that limits are placed on convictions more than ten years old. But the Rule provides instructions on how to calculate the "age" of a conviction. Subparagraph (b) explains that the "later" date between either the conviction itself, "or release from confinement," is to be used. Fed. R. Evid. 609(b). Here, Roper's convictions date back to 2010. But he wasn't released from confinement until 2020. This means his convictions are not ten years old, per the Rule. Roper's contention that the "bank robbery occurred over a decade ago" is not well-taken (**Doc. 117 at 4**).

Even though the convictions are presumptively admissible, the Court always serves as a gatekeeper for evidence. In the Rule 609 context, a district court considers several factors, namely: "(1) the impeachment value of the defendant's prior crimes; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past crime and charged crime;

---

[3] The Court is not omniscient and has no idea whether Roper will (or won't) take the stand. That decision is his and his alone. *United States v. Oakes*, 680 F.3d 1243, 1248 (10th Cir. 2012). But, for the purposes of Rule 609 analysis, the Court assumes Roper will testify.

(4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial." *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014).

Applying the *Smalls* factors to the instant case, the Court finds the "similarity" factor weighs in favor of admission. Although the instant case and his prior conviction both involve "robbery" in a general sense, they are not the same crime—which mitigates any risk of the jury inferring propensity. Additionally, if Roper takes the stand, his testimony will undoubtedly be important. So too, then, will his credibility be central to his defense. This means the impeachment value is high. As such, this Rule 609 evidence is sufficiently probative to outweigh any prejudicial effect of its admission. Fed. R. Evid. 609(a)(1)(B). This impeachment evidence goes directly to the heart of Roper's credibility if he were to testify.

The Court notes the temporal proximity factor cuts both ways, though. On one hand, Roper is correct that the underlying act took place more than a decade ago (the Indictment from the 2009 case is roughly fifteen years old). Conversely, however, Rule 609 makes clear that Roper's conviction is less than 10 years old (because the starting point is his release from confinement). Given the severity of Roper's prior criminal convictions as demonstrated by the lengthy sentence imposed by Judge Black, Roper should not be able to benefit by arguing that his conviction and date of imposition of sentence were imposed more than ten years ago considering that the sentence imposed was 141 months (or 10 years and 21 months) custody in the Federal Bureau of Prisons. Thus, given the parameters of Rule 609, the Court ultimately concludes this factor weighs in favor of admitting Roper's prior convictions.

Roper argues that Rules 401–403 require exclusion (**Doc. 117**), but, as explained above, the Court disagrees. Next, Roper posits that Rule 404(b)(1) warrants exclusion (**Doc. 117 at 5**).

However, the *Huddleston*[4] factors are all satisfied by the United States' Rule 609 Motion (**Doc. 119**). The proper purpose is Rule 609 impeachment. The prior convictions are relevant, if Roper testifies, because they go to his credibility. Thus, the probative value of Roper's prior convictions being admitted if he testifies outweighs any potential for unfair prejudice. And finally, the Court will provide a proper limiting instruction.

A prior conviction, its general nature, and punishment are "fair game for testing the defendant's credibility." *United States v. Albers*, 93 F.3d 1469, 1480 (10th Cir. 1996). The specific details of Roper's prior robbery conviction are not admissible under Rule 609, though. *See United States v. Commanche*, 577 F.3d 1261, 1269–71 (10th Cir. 2009); *see also United States v. Wolf*, 561 F.2d 1376, 1381 (10th Cir. 1977) ("Ordinarily, it is improper for the prosecution to examine into the details of the crime for which the accused was convicted. The cross-examination should be confined to a showing of the essential facts of convictions, the nature of the crimes, and the punishment.").

For these reasons, the United States' Motion carries the day. On cross-examination, the United States is permitted to question Roper about "the essential facts of convictions, the nature of the crimes, and the punishment," for purposes of impeachment. *United States v. Howell*, 285 F.3d 1263, 1267 (10th Cir. 2002); *see also United States v. Albers*, 93 F.3d 1469, 1479-80) (10th Cir. 1996).

**II. Supervised Release Status and Revocation**

The Court agrees with defense counsel that "introducing Mr. Roper's . . . supervised release status" is inadmissible (**Doc. 117 at 8**). Roper is not charged with escape or failure to register under

---

[4] *See Huddleston v. United States*, 485 U.S. 681, 691–92 (1988) (listing the four factors).
    At the time, the Court need not conduct a formal *Huddleston* analysis—as these Motions deal with a straightforward application of Rule 609. There is, however, a pending Rule 404(b) Motion. Resolution of that Motion will, necessarily, involve a more thorough discussion of this line of cases.

SORNA—so his status on supervised release is not relevant. Presenting needless evidence of Roper's history with the criminal justice system carries a significant danger of unfair prejudice. *See United States v. Griffin*, 389 F.3d 1100, 1103–04 (10th Cir. 2004) ("trial courts should exercise caution" when admitting testimony that "highlight[s] the defendant's criminal history").

The same rings true for the fact "this Court revoked [Roper's] supervision for testing positive for drugs." **Doc. 117 at 4**. Such evidence is irrelevant and inadmissible.

\* \* \*

The Court understands why Roper wants to exclude any evidence about his supervised release status or revocation. The Court agrees this should be excluded. But (and this is a big but), the United States may have GPS or location monitoring evidence because of his supervised release status. And if that's the case, the location evidence would be relevant, probative, and inextricably intertwined with the charged crimes. Evidence that Roper was wearing a GPS ankle monitor (and the location data therein) would be direct evidence of whether he committed the acts "on or about" the alleged dates in "Bernalillo County," as charged in the Indictment (**Doc. 2**).

Nevertheless, the Court reserves ruling on the potential interplay between Roper's status on supervision and any potential GPS or location services evidence. *See* **Doc. 117 at 2** (noting that Roper was subject to location monitoring while on supervised release). For one, this issue wasn't briefed—at least not outside of this passing comment by defense counsel. Thus, at the pretrial conference on November 6, 2024, the Court will require the parties to proffer: (1) whether any such evidence is anticipated, and (2) how the evidence is expected to be presented.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion (**Doc. 117**) to Exclude—as to his prior robbery conviction—is **DENIED**. The Motion to Exclude is **GRANTED**, however, with

respect to Roper's federal supervised release.

**IT IS FURTHER ORDERED** that the United States' Rule 609 Motion (**Doc. 119**) is **GRANTED**.

**IT IS FINALLY ORDERED** that the Court **RESERVES RULING** on the interplay between Roper's status on supervision and any potential GPS or location services evidence.

/s/
_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE