IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

      Plaintiff,

    v.                                                                                   No. 1:23-cr-1617-WJ

**JASON ROPER**,

      Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING THE UNITED STATES' RULE 404(b) MOTION**

**THIS MATTER** is before the Court on the United States' motion in limine seeking admission of evidence under Rule 404(b) Evidence (**Doc. 118**). Having reviewed the briefs[1] and applicable law, the Court **DENIES** the motion.

## BACKGROUND

The parties are familiar with the facts[2] of this case (as well as Roper's prior federal robbery case). *See United States v. Roper*, No. 09-cr-1866 (D.N.M.). Therefore, the Court briefly describes the few facts relevant to resolving the instant motion.

In April 2010, Roper pleaded guilty to: (1) armed bank robbery, (2) use of a firearm in relation to a crime of violence, and (3) felon in possession of a firearm and ammunition. **Doc. 42 at ¶ 3**; *see also* **Doc. 14**. In the factual basis of the plea agreement, Roper admitted to "wearing a white long sleeve pullover shirt, a motorcycle helmet and black motorcycle gloves" as well as a

---

[1] The Court also considered Defendant Roper's Response (**Doc. 122**).
[2] It is well recognized that a court may take judicial notice of its own docket. *See United States v. Leal*, 921 F.3d 951, 963 n.10 (10th Cir. 2019) (citing *United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information)). Here, the Court takes judicial notice of the docket to recite the facts from the 2009 case as well as quote the transcripts from the instant case.

1

"dark [in color] backpack" and brandishing "a semi-automatic pistol" while robbing a bank in Albuquerque, New Mexico. *Id.* at ¶ 7. He also admitted to "demanded money" by telling the employees "You better hurry up. I'll shoot everyone in here." *Id.*

\* \* \*

In the current case, Roper is charged with three counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (**Doc. 2**). Roper is alleged to have robbed three "Ross Dress For Less" stores—with the first robbery occurring on August 14, the second on August 15, and the third on September 8, 2022. ***Ibid.***

During the course of this case, the United States has presented evidence that the robber was "wearing long sleeves," and "a baseball cap." **Doc. 51 (Sup. Rel. Tr.) at 90:4–6 & 90:22–23**. He was also wearing a mask. **Doc. 53 (Det. App. Tr.) at 17:4–18:19**. The Ross robber approached the checkout counter, and once the register opened, he "brandished" a "semi-automatic pistol" and demanded money. *Id.* **at 29:1–6 & 41:1–18**.

Based on purported similarities, the United States seeks to introduce the 2009 bank robbery conviction into evidence at trial in the instant case under Rule 404(b). *See* **Doc. 118**.

## LEGAL STANDARD FOR RULE 404(b)

Rule 404(b) has two[3] parts. One lays out prohibited uses of "other act" evidence. Fed. R. Evid. 404(b)(1). The second provides contours of when "other act" evidence is permissible. Fed. R. Evid. 404(b)(2); *see also United States v. Huddleston*, 485 U.S. 681, 691–92 (1998) (outlining the four prongs for admitting Rule 404(b) evidence). The Rule reads as follows:

> (b) Other Crimes, Wrongs, or Acts.
> (1) Prohibited Uses. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

---

[3] Technically the Rule has three parts. The third subparagraph outlines the notice requirements. *See* Fed. R. Evid. 404(b)(3)(A)–(C).

> (2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b)(1)–(2). The *Huddleston* factors instruct that for evidence of other acts to be admissible: (1) the evidence must be offered for a proper purpose under Rule 404(b); (2) it must be relevant under Rule 401; (3) the probative value of the evidence must not be substantially outweighed by its potential for unfair prejudice under Rule 403; and (4) upon request, the trial court must instruct the jury pursuant to Rule 105 that the other acts evidence is to be considered only for the proper purpose for which it was admitted. *See Huddleston*, 485 U.S. at 691–92; *see also United States v. Rodella*, 804 F.3d 1317, 1333 (10th Cir. 2015).

The first prong requires the United States to provide a legitimate, non-propensity reason for seeking admission. *See Rodella*, 804 F.3d at 1333 (explaining other act evidence need not be excluded "whenever a propensity inference can be drawn"). Rule 404(b)(2) provides a non-exhaustive list of permissible reasons for admitting evidence.

Prong two focuses on relevance. As always, evidence admitted at trial must be relevant. "Rule 401 defines relevant evidence as having 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Old Chief v. United States*, 519 U.S. 172, 177 (1997) (quoting Fed. R. Evid. 401).

Next, prong three directs the Court to conduct a Rule 403 balancing. This means evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. Although the admission of evidence favorable to the United States is almost categorically prejudicial to a criminal defendant, the "unfair prejudice" requirement is a high bar. *See United States v. Murry*, 31 F.4th 1274, 1291 (10th Cir. 2022) ("Our cases favor

admission of relevant evidence not otherwise prohibited."). On this point, even "damning evidence" should not be excluded under Rule 403. *United States v. Montoya*, 527 F. App'x 716, 721 (10th Cir. 2013) (unpublished). Rather, the exclusion of relevant evidence under Rule 403 is an extraordinary remedy that should be used sparingly. *United States v. Otuonye*, 995 F.3d 1191, 1206 (10th Cir. 2021). Thus, exclusion is only required if the evidence will "provoke an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart* from its judgment as to his guilt or innocence of the crime charged." *United States v. Tan*, 254 F.3d 1204, 1212 (10th Cir. 2001) (cleaned up).

Finally, the fourth prong requires a district court to provide a jury instruction. *See Rodella*, 804 F.3d at 1335 ("[A]ny risk of the jury utilizing the other-act evidence in an improper manner [i]s reduced by the limiting instruction [being] given by the district court.").

## LAW REGARDING SIMILARITIES OR SIGNATURES

An overview of relevant Tenth Circuit cases also proves helpful in setting the stage for the left and right limits of permissible Rule 404(b) evidence. A common thread through all these cases is that the other act evidence must be similar to the charged offense—but it need not be identical. *See Untied States v. Gutierrez*, 696 F.2d 753, 755 (10th Cir. 1982).

For example, in *United States v. Olivo*, 80 F.3d 1466 (10th Cir. 1996), the Tenth Circuit found that marijuana packaged in a "similar," "although not identical" way was sufficient to show intent, knowledge, and lack of accident or mistake. *Id.* at 1469. This ruling is in concert with *Gutierrez*. There, the Tenth Circuit ruled that evidence of an uncharged bank robbery committed five weeks after the charged robbery was properly admitted by the district court. *Gutierrez*, 696 F.2d at 755. The "signature qualities" linking those two acts were: (1) a gunman entered a bank and forcibly took currency, (2) then left with "Pam Gutierrez drove the get-away vehicle," and (3)

Pam "used her children as 'cover.'" *Id.*

In another case, the Tenth Circuit found that robberies in Kansas and California were sufficiently similar to warrant admittance. *See United States v. LaFlora*, 146 F. App'x 973, 975 (10th Cir. 2005) (unpublished). LaFlora argued that "the common characteristics among [the Wichita and California bank robberies] are common to all robberies." *Id.* But the Court disagreed—highlighting several unique characteristics to form a "sufficiently unique modus operandi." *Id.* Some of those similarities were: (1) the use of a handgun, (2) what the robber wore, (3) use of radio communication devices, and (4) the cars used to flee the scene. *Id.*

Evidence of a subsequent robbery was determined to have been properly admitted under Rule 404(b) to prove knowledge, state of mind, and lack of mistake or accident in *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000). There, the Court held that: (1) an "intent to obtain money . . . to support an addiction to heroin" (2) carried out by approaching a cashier and demanding all the cash were similar enough to be admissible. *Id.* at 762–63. In particular, the Court found these facts demonstrated a "similarity in state of mind." *Id.* at 763.

A "common practice of placing victims in small rooms during the robberies," would (it seems) also be sufficiently distinctive. *United States v. Pham*, 17 F. App'x 778, 780 (10th Cir. 2001) (unpublished). Although the *Pham* Court ultimately punted on the Rule 404(b) issue, it held any error was harmless. *Id.* at 781.

So far, all these cases have found the Rule 404(b) evidence admissible. Cutting the other way, however, is the notion that "[t]he use of masks, guns, bags, threats, and getaway cars"[4] are

---

[4] As far as this Court can tell, no Court of Appeals has determined the wearing of a mask while committing armed robbery is sufficiently unique to be deemed a signature. *See, e.g., United States v. Dowling*, 855 F.2d 114, 122 (3d Cir. 1988) (finding the district court erred in admitting Rule 404(b) testimony about "the mask and the gun, albeit a mask of a different color"); *United States v. Weldon*, 2022 U.S. App. LEXIS 26404, at *12–13 (5th Cir. Sept. 21, 2022) (unpublished) (wearing gloves, a face covering, and carrying a handgun "are common elements in armed robberies generally"); *United States v. Seals*, 419 F.3d 600, 607 (7th Cir.

5

distinct enough to constitute a signature or modus operandi. *United States v. Hopkins*, 608 F. App'x 637, 643 (10th Cir. 2015) (unpublished).

## DISCUSSION

Quite naturally, Roper seeks to exclude the noticed Rule 404(b) evidence (**Doc. 122**). Instead of focusing on the persuasiveness[5] of his Response, however, the Court highlights the failure of the United States to carry its burden.

Here, the United States seeks to admit evidence of Roper's 2009 robbery to prove "motive, intent, preparation and plan." **Doc. 118 at 2**. In so doing, the United States argues that the cases are similar because Roper covered his face and used a firearm to: (1) rob a bank in 2009, and (2) allegedly rob several Ross stores in 2022. *See* **Doc. 122 at 2** ("[U]se of a suspected firearm and the taking of money [are] not uncommon features in armed robberies.").

But this is a tautological argument. Every robber *intends* to rob. And although the United States avers that his motive, preparation, and plan also come into play (**Doc. 118 at 2**), this

---

2005) (explaining that many robbers "disguise their identities, carry firearms, and use a stolen vehicle in their getaway"); *United States v. Carroll*, 207 F.3d 465, 469 (8th Cir. 2000) ("All the United States can argue is that, in both crimes, the perpetrator wore a nylon stocking mask, carried a gun, and vaulted over the counter to put the bank's money in a bag."); *United States v. Johnson*, 769 F. App'x 458, 459 (9th Cir. 2019) (unpublished) ("Common, generic features of robberies—such as wearing black clothing or a mask—alone are not enough to establish similarity for purposes of Rule 404(b)."); *United States v. Ricks*, 643 F. App'x 894, 897 (11th Cir. 2016) (per curiam and unpublished).

    That being said, there are situations when a robber's attire, weapon, or getaway vehicle are sufficiently unique. *See United States v. Robinson*, 161 F.3d 463, 466 (7th Cir. 1998) (noting an "orange ski mask," and a "distinctive duffle bag" are sufficiently unique); *United States v. McKreith*, 140 F. App'x 112, 113 (11th Cir. 2005) (per curiam and unpublished) (finding that "a light-skinned black person," wearing a plaid shirt, driving a maroon or burgundy getaway car was sufficiently unique); *United States v. En Chim*, 2022 U.S. App. LEXIS 22731, at *14 (11th Cir. Aug. 16, 2022) (unpublished) (pointing out that the robber's wearing of "a distinctive Scream mask" was "strikingly similar to the charged robberies").

[5] The Response argues that "evidence of the 2009 robbery does not show Mr. Roper's motive, intent, plan, or preparation to commit the 2022 robberies, but rather that he has a specific character trait (that of an armed robber) and that he acted in conformity with that trait in 2022, evidence of the bank robbery is inadmissible under Rule 404(b)(1) and must be excluded." **Doc. 122 at 13**. The Court agrees—but instead highlights the United States' failure to carry its burden. *See id.* **at 5**.

argument is underdeveloped.[6] It seems the United States' is arguing Roper's motive in both cases was to rob. He prepared for these robberies by, ostensibly, wearing clothes and carrying a firearm. And his plan of conducting robberies is evidenced by the robberies occurring. The standard for admission is not this low. *See* **Doc. 122 at 1** (explaining "the government fails to articulate *how*" the robberies are "similar enough").

Fortunately, the Tenth Circuit has provided a helpful hypothetical for understanding admissible Rule 404(b) evidence versus inadmissible character evidence.

> Consider a case in which a defendant is accused of murdering his wife using his car but claims that he thought that car was in reverse when it was actually in drive. To demonstrate the absence of mistake, the government attempts to elicit testimony that the defendant twice previously slapped his wife. In such a case, the disparate circumstances between the prior instances and the vehicular killing negate any possibility of directly using the prior instances to show lack of mistake. Rather, a jury could use this evidence to conclude that the defendant was not mistaken as to the status of his transmission only if it first concluded that he had a propensity for violence against his wife and this alleged murder was another such incident. Rule 404(b) does not allow evidence of other bad acts in such a case.

*United States v. Commanche*, 577 F.3d 1261, 1266–67 (10th Cir. 2009). In this case, Roper is charged with three Counts of Hobbs Act robbery. To demonstrate "motive, intent, preparation and plan," **Doc. 118 at 2**, the United States wants to elicit testimony that Roper previously robbed a bank. But, like above, the disparate circumstances between the prior crime and the current case undermine any ability to link the crimes. Instead, a jury could use this evidence to conclude Roper's history of armed robbery means he committed these robberies. This is classic propensity evidence—which is inadmissible. *See* **Doc. 122 at 7–8**.

\* \* \*

---

[6] The United States' argument, in full, is as follows: "The 2009 conviction will aid the jury's understanding of the evidence because the plan and methods employed in the prior conviction and the instant case are so very similar. Indeed, the facts of each case share so much in common, it simply cannot be ignored." **Doc. 118 at 4**. But what was the plan? What were the methods? It appears those questions are answered by describing generic actions of "covering his face" and "pointing a firearm at employees." *Id.* **at 1**.

As detailed below, the first three *Huddleston* factors support exclusion.

At this juncture, the Court cannot say the evidence is being offered for a proper purpose. *See* **Doc. 122 at 6–8**. To be fair, the United States lists several legitimate proper purposes for admission contained in Rule 404(b)(2). But the case law is clear—such broad recitations are not enough. *See United States v. Kearn*, 863 F.3d 1299, 1309 (10th Cir. 2017) (explaining broad statements "merely invoking or restating Rule 404(b)" are insufficient); *United States v. Kendall*, 766 F.2d 1426, 1436 (10th Cir. 1985) ("The Government must articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred from the evidence of other acts."). Here, the United States' statement about the evidence's purpose is simply: "to show that Defendant had the requisite motive, intent, preparation and plan to commit the armed robberies charged in this case." **Doc. 118 at 2–3**. Thus, the Court has no trouble concluding "the government failed to articulate with precision the evidentiary purpose of the Rule 404(b) evidence it offered." *United States v. Birch*, 39 F.3d 1089, 1093 (10th Cir. 1994).

Based on the facts presented, the 2009 bank robbery is not relevant under Rule 401. *See* **Doc. 122 at 8–11**. Roper's prior conviction and the charged offenses are decades apart. Sure, they both occurred in Albuquerque; but geography alone doesn't move the needle. *See United States v. Shumway*, 112 F.3d 1413, 1420 (10th Cir. 1997) (citing cases). Nor does the fact both robbers wore long sleeve shirts, masks, and used a handgun. These facts are not unique enough to be a signature. *Hopkins*, 608 F. App'x at 643; *see also United States v. Smalls*, 752 F.3d 1227, 1238–39 (10th Cir. 2014) (citing cases with "signature" qualities).

Next, the proffered evidence doesn't pass Rule 403's balancing test. *See* **Doc. 122 at 11–12**. The probative value of the 2009 bank robbery is substantially outweighed by various prejudicial concerns. *See Tan*, 254 F.3d at 1211. Here, however, the Court is hard-pressed to find

any "proper probative value" to the evidence. *United States v. Piette*, 45 F.4th 1142, 1155 (10th Cir. 2022). That's because "the probity of Rule 404(b) evidence is not absolute; it depends on the extent of the overall evidence the government offers to establish a contested fact." *United States v. Tennison*, 13 F.4th 1049, 1058 (10th Cir. 2021). The United States' failure to explain what material fact is contested (as well as the extent to which the 2009 robbery can be offered to prove that fact) is determinative. *See* **Doc. 122 at 11** (arguing "Roper's 2009 bank robbery has no probative value," and instead risks "confusing the issues, misleading the jury, and wasting time").

Finally, the fourth factor (regarding a limiting instruction) is left up to the Court—so it's not fair to say the United States carried its burden there, either. To be fair, though, the motion did request a limiting instruction. Regardless, that factor is not dispositive.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the United States' Motion (**Doc. 118**) to Admit Rule 404(b) evidence is **DENIED**.[7]

/s/
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[7] This ruling is subject to reconsideration—if the United States can articulate a unique signature or throughline between the robberies. As it stands, though, the United States only presented generic robbery traits which are insufficiently unique or distinct to link Roper's other act (armed bank robbery) to the pending charges under Rule 404(b) and *Huddleston*.