IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.                                                                                          No. 1:23-cr-1617-WJ

**JASON PETE ROPER**,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S REQUEST TO PROCEED *PRO SE*

**THIS MATTER** comes before the Court on Defendant Jason Pete Roper's *pro se* letter/motion to dismiss his lawyers and represent himself (**Doc. 134**). After conducting a lengthy hearing (most of which was *ex parte*),[1] reviewing the relevant pleadings including Defendant's *pro se* letter/motion, and considering the applicable law, the Court **DENIES** in full Defendant Roper's request to dismiss his lawyers and to represent himself.[2]

### BACKGROUND

Document 134 is Mr. Roper's third *pro se* motion to dismiss his lawyers and this time he included a request to represent himself. Stated another way, this latest *pro se* filing is part three of Mr. Roper's request to fire his counsel and the pattern is very similar. As such, the Court cannot help but conclude the ultimate purpose is to delay trial.

---

[1] To be clear, the Court did not conduct a full-fledged *Faretta* hearing. But this formalism is not "necessary." *United States v. Hansen*, 929 F.3d 1238, 1251 (10th Cir. 2019). That's because a *Faretta* hearing is "only a means to an end." *United States v. Pemberton*, 94 F.4th 1130, 1143 (10th Cir. 2024). The Court asked nearly all the would-be *Faretta* hearing questions—but also favored pragmatism over formalism given the Court's determination that Mr. Roper's request was made for the purpose of delay.

[2] The Court denies Mr. Roper's requests for the reasons stated on the record at the hearing, and for the further reasons stated in this Memorandum Opinion and Order.

Current defense counsel[3] has represented Mr. Roper for over eight months. Since defense counsel were appointed, Roper has requested their termination three times. The first motion (**Doc. 90**) was filed two months before trial was slated to begin. That motion was denied (**Doc. 100**). *See United States v. Roper*, No. 23-cr-1617, 2024 U.S. Dist. LEXIS 161158 (D.N.M. Sept. 6, 2024). Then, a month later, he filed a second motion—based on substantially the same grounds. This motion was filed approximately five weeks before the reset trial date. *See* **Doc. 106**. In open court, after the Court set a hearing, Mr. Roper orally withdrew his motion (**Docs. 112 & 113**). Afterward, the Court docketed an Order indicating his withdrawal (**Doc. 114**).

Now, with two weeks to go before trial begins, Mr. Roper requested his lawyers be dismissed and he be allowed to represent himself. *See* **Doc. 134** ("Here I am once again submitting a pro se motion to dismiss current defense counsel."). What are his reasons for these last-minute requests? Mr. Roper airs the following grievances in support of his motion:

1. He hasn't been able to personally view all the surveillance footage (**Doc. 134 at 1–2**);

2. Defense counsel haven't provided Mr. Roper with "full discovery" (*id.* **at 2**);

3. His counsel allegedly talked with about the case with witnesses and/or the office's paralegals and paraprofessionals (*id.* **at 2–3**);

4. The Court's comments that Mr. Roper lacked the qualifications to use the phrase "professional incompetence" (*id.* **at 3**);

5. The fact he was "provided with a [sic] all white defense team" (*id.* **at 4**);

6. This Court oversaw his supervised release revocation (*id.*);

7. This Court's prior ruling[4] (**Doc. 120**) granting defense's motion (*id.* **at 4–5**); and

---

[3] Because this case was gearing up for trial, a second trial defense counsel was appointed under the Criminal Justice Act in July (**Docs. 61, 67, 68**).
[4] On this point, Mr. Roper simply misunderstands Rule 609. As the Court explained in that Opinion: "Here, Roper's convictions date back to 2010. But he wasn't released from confinement until 2020. This means

8. An allegation of partiality by the undersigned (*id.* **at 6**).

* * *

Although the previous motions requested new counsel, in this latest motion Mr. Roper asks permission "to represent myself." **Doc. 134 at 1**. This is—quite obviously—a delay tactic. Whenever the start of trial approaches, Mr. Roper—like clockwork—files a motion to get rid of his counsel. This has become habitual. For the reasons that follow, the Court denies Mr. Roper's requests.

## DISCUSSION

### I. Defendant's Meritless Accusations

In his motion, Mr. Roper provided a laundry list of complaints (about defense counsel as well as this Court). But none of these allegations warrant the relief he seeks. As the Court has explained many times: his attorneys decide trial strategy. Defense counsel are not required to provide a criminal defendant with all discovery to review. That's why he has court-appointed lawyers.[5]

There can be no doubt that defense counsel are aggressively representing Mr. Roper. From the Court's vantage point, Mr. Roper is being represented adequately, effectively, and zealously. *See United States v. Rodriguez*, 2024 U.S. App. LEXIS 8365, at *6 (10th Cir. Apr. 8, 2024)

---

his convictions are not ten years old, per the Rule. Mr. Roper's contention that the 'bank robbery occurred over a decade ago' is not well-taken." (**Doc. at 120 at 3**); *United States v. Roper*, No. 23-cr-1617, 2024 U.S. Dist. LEXIS 198613, at *4 (D.N.M. Oct. 30, 2024).

Additionally, his complaints about Rule 404(b) were resolved—in his favor—just the other day. *See* **Doc. 126** (denying the United States' motion). His argument that evidence should be excluded because "it's always a matter of he did it before, he will do it again," **Doc. 134 at 6**, is functionally why the Court denied the United States' motion.

[5] A defendant has "no right to hybrid representation." *United States v. Treff*, 924 F.2d 975, 979 n.6 (10th Cir. 1991). A defendant is either represented by counsel *or* represents himself—not both. *United States v. Couch*, 758 F. App'x 654, 656 (10th Cir. 2018) (unpublished); *see also United States v. Hale*, 762 F.3d 1214, 1219 (10th Cir. 2014); *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984). Mr. Roper is well aware of this fact—as this Court has twice stricken his filings for this very reason. *See* **Docs. 48 & 88**.

(unpublished) (explaining "it was not improper for the court to opine on counsel's performance"); *see also United States v. Byrum*, 567 F.3d 1255, 1266 (10th Cir. 2009); *United States v. Beers*, 189 F.3d 1297, 1302 (10th Cir. 1999).

At the hearing, in response to Defendant's discontent with the undersigned, the Court advised him about: (1) the ineffective assistance of counsel standard, (2) the Court's pretrial rulings in his favor, and (3) his appeal rights. At the end of the day, Defendant did not formally move for recusal—but even if he did, such a motion would be untimely. *See United States v. Thornton*, 2024 U.S. App. LEXIS 25644, at *14–15 (10th Cir. Oct. 11, 2024) (unpublished). Even construing Mr. Roper's *pro se* motion liberally, it remains true that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also United States v. Wilson*, 2022 U.S. App. LEXIS 10774 (10th Cir. Apr. 21, 2022) (unpublished) ("Judicial rulings alone are almost always insufficient to establish bias . . . ." (quoting *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1050 (10th Cir. 2017))). Defendant did not—nor could he—carry his burden of establishing sufficient facts indicating bias and prejudice to justify recusal. *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004). To the extent Defendant challenges the undersigned's impartiality and seeks recusal, that request is denied.

## II. Roper's Request to Proceed *Pro Se* is a Delay Tactic

Three months after being indicted, Mr. Roper filed his first motion for new counsel (**Doc. 35**). The Court granted his request (**Docs. 42 & 43**). But, in so doing, the Court informed Mr. Roper that his counsel would only be replaced once (**Doc. 45**). Mr. Roper was advised that he needed to make the relationship with new defense counsel work. He hasn't. And to date, Mr. Roper has filed three[6] motions to replace his current counsel. *See* **Docs. 90, 106, 134**. But nothing has

---

[6] Truth be told, he's filed four motions for new counsel—if you include his motion to replace his originally appointed Federal Public Defender. *See* **Doc. 35**. Only three motions have been filed as to current counsel.

4

changed since the Court denied Mr. Roper's request to substitute counsel in September—except now we're even closer to the start of trial. Moreover, the Court is quite confident given Defendant's track record in this case, that if the Court granted Defendant's request and appointed new counsel, as a new trial date approached there would be another motion to replace counsel.

The four conditions for self-representation are: (1) the defendant must clearly and unequivocally inform the district court of his intention to represent himself, (2) the request must be timely and not for the purpose of delay, (3) the court must conduct a comprehensive formal inquiry to ensure that the defendant's waiver of the right to counsel is knowingly and intelligently made, and (4) the defendant must be able and willing to abide by rules of procedure and courtroom protocol. *United States v. Loya-Rodriguez*, 672 F.3d 849, 856 (10th Cir. 2012) (quoting *United States v. Tucker*, 451 F.3d 1176, 1180 (10th Cir. 2006)).

In this section, the Court focuses on the first two preconditions. For one, Mr. Roper's request was not clear and unequivocal. *See infra* ¶ II.D. And second, the Court finds that Mr. Roper's self-representation motion constitutes a delay tactic. *See infra* ¶ II.C. Part and parcel with this decision, the Court also discusses its reasons for denying Mr. Roper a continuance. In so doing, the Court relies heavily on *Tucker*, 451 F.3d 1176 and *United States v. Simpson*, 845 F.3d 1039 (10th Cir. 2017).

### A. Timeliness of the request

Trial begins on November 18, 2024. Mr. Roper's Motion was received on November 5, 2024. As the Court explained before, **Doc. 100 at 5**, even two months can be untimely. *Compare United States v. Holloway*, 939 F.3d 1088, 1098 (10th Cir. 2019) (finding "six days" was untimely), *with United States v. Lott (Lott II)*, 433 F.3d 718, 725 (10th Cir. 2006) (finding a motion filed "three months" in advance of the hearing was timely). This latest motion comes just thirteen

5

days before the start of trial—making it even more untimely than his prior filings. There is, unsurprisingly, a plethora of caselaw supporting the conclusion[7] that this request is not timely.

Informing the Court's decision now are previous conversations with Mr. Roper—back in February and August 2024. When granting the first Motion for New Counsel (**Doc. 35**), the Court told Mr. Roper he would not get a third new lawyer. When ruling on his next motion in August, the Court explained that, in the undersigned's view, the motion was made for the purpose of delay (**Docs. 93, 94, 100**). Nothing has changed. Defendant's attempts to substitute or dismiss counsel are clearly a delay tactic. *See United States v. Vann*, 776 F.3d 746, 764 (10th Cir. 2015) (quoting the trial court when stating: "You have had two sets of lawyers. You have fired them both. Now, you want additional ones, and it's just delay." (cleaned up)).

### B. Speedy trial implications

Next, the Court highlights how Mr. Roper's right to a speedy trial and his right to represent himself are at odds with one another. For the reasons that follow, the Court resolves these dueling rights in favor of the former—after already concluding that Mr. Roper's request to represent himself is a delay tactic. *See generally Simpson*, 845 F.3d at 1052–1056.

In a previous Memorandum Opinion, the Court laid out the procedural history of this case. *See* **Doc. 100 at 10–11**. There is no need to go into the same depth here. What matters is that over the last twelve months, the trial date has been continued five times—once by former counsel and four times by current counsel. *See* **Docs. 24, 49, 54, 72, 103**. Originally, trial was set for January

---

[7] *See, e.g., United States v. Woodard*, 291 F.3d 95, 107 (1st Cir. 2002) (finding "thirteen days before the trial date" was "not timely"); *United States v. Quintero-Acosta*, 355 F. App'x 685, 688 (4th Cir. 2009) (per curiam and unpublished) (finding "ten days" before the scheduled trial date was "untimely"); *United States v. Williams*, 176 F.3d 301, 314 (6th Cir. 1999) (finding motion for substitute counsel made two weeks before trial was untimely); *United States v. Hall*, 35 F.3d 310, 313 (7th Cir. 1994) (request for substitute counsel received ten days before sentencing hearing was untimely); *United States v. Williamson*, 859 F.3d 843 (10th Cir. 2017) (affirming district court's denial of a motion for new counsel filed "less than two weeks before trial").

2024 (**Doc. 15**). Now, trial is set for November 18, 2024 (**Doc. 103**). To be clear, though, each of these continuances benefitted Mr. Roper—and he approved of each.

Throughout the history of this case, Defendant has raised speedy trial concerns several times. The first time was in his February 2024 Motion to Appoint New Counsel (**Doc. 35**). A few weeks later, he filed a Motion to Dismiss for Speedy Trial Violations (**Doc. 47**).[8] Mr. Roper's counsel also filed a Motion to Dismiss for Speedy Trial Violations (**Doc. 57**).[9]

At the end of the day, the decision to grant or deny Mr. Roper's motion is not made in a vacuum. Rather, this Court must "'balance the need for efficient administration of the criminal justice system against the defendant's right to counsel.'" *Beers*, 189 F.3d at 1302 (quoting *United States v. Padilla*, 819 F.2d 952, 956 (10th Cir. 1987)). The Speedy Trial Act ("STA") is informative here. If the Court permitted Mr. Roper to represent himself, a continuance[10] would

---

[8] Although this *pro se* Motion was stricken, *see* **Doc. 48** (citing D.N.M.LR-Cr. 44.2), the filing helps depict a theme; that is, Mr. Roper's desire for this case to be resolved expeditiously. *See also* **Doc. 100 at 11** (explaining the same).

[9] The Court denied the motion (**Doc. 80**) and concluded that Mr. Roper's statutory speedy trial rights were not violated.

[10] Because a continuance is implicit in Mr. Roper's request to proceed *pro se*, the Court conducts a brief continuance analysis in accordance with *United States v. Cervantes*, 4 F.4th 1089, 1093–94 (10th Cir. 2021) and *United States v. Wynne*, 993 F.2d 760, 767 (10th Cir. 1993).

    First, Mr. Roper's request for a continuance was not sought diligently.

    Second, the likelihood the continuance accomplishing the stated purpose is a toss-up. Even ***if*** more time ***might*** provide Mr. Roper with an opportunity to better prepare his case, he mentioned no specific actions that he would undertake in this period (if provided a continuance). *See United States v. DeWilliams*, 85 F. App'x 154, 159 (10th Cir. 2004) (unpublished).

    Third, there is no doubt that a continuance—this late in the game—would "disrupt the schedules of the court, the opposing party, and the witnesses." *Cervantes*, 4 F.4th at 1094.

    Finally, the Court fails to see how Mr. Roper is prejudiced by denying him a continuance. To the extent he is harmed by the Court's refusal to delay trial so he can represent himself, the Court's decision also protects his speedy trial rights. In this case, Mr. Roper has demanded speedy trial numerous times. But an eleventh-hour desire to represent himself and request a continuance runs contrary to the speedy trial he's demanded. Whether or not Mr. Roper understands it, granting a continuance is not categorically "good." Delays are at odds with the need for (and right to) a speedy trial. That right—the right to a speedy trial—is a net good. It's a constitutional right. And, after spending a year on this Court's docket, Mr. Roper deserves some finality. Continuing to sit in pretrial purgatory filing continuances and requesting new attorneys is not the purpose of the criminal justice system.

necessarily follow to provide him with sufficient time to prepare for trial. But, per the STA, this Court must balance the "ends of justice" *and* "the best interest of . . . the defendant in a speedy trial." *United States v. Williams*, 511 F.3d 1044, 1058 (10th Cir. 2007). The Court has already granted five continuances. The case is not "so unusual or so complex" as to require additional time. Current defense counsel and the United States are prepared for trial. Moreover, the Court is ready for this case to be tried and has allotted sufficient time on the Court's docket for such a trial. Thus, the ends of justice do not support further delay. *See* 18 U.S.C. § 3161(h)(7)(A); *see also United States v. Toombs*, 574 F.3d 1262, 1268–69 (10th Cir. 2009) (listing the factors a judge must consider).

### C. Finding of Delay

Tenth Circuit caselaw indicates a district court must "make a finding of delay." *Simpson*, 845 F.3d at 1053. The determination as to whether a motion for self-representation is a tactic to secure delay "does not rest exclusively on evidence of the subjective intentions of the defendant," *Tucker*, 451 F.3d at 1181, but includes consideration of: (1) the actual delay that would be caused by granting the motion, (2) whether the delay could have been avoided if the defendant had made the request for self-representation earlier, and (3) whether the defendant had good reasons for not making the motion in a more timely manner. *Id.* at 1181–82.

The Court concludes that Mr. Roper's subjective intentions are for delay. His actions, to use a phrase from the Tenth Circuit, are clearly "a cat and mouse game." *Tucker*, 451 F.3d at 1182 (quoting *United States v. Smith*, 413 F.3d 1253, 1280 (10th Cir. 2005)); *see also* **Doc. 100 at 5–7**. He fired one attorney, was told he wouldn't get another, got another, and now has requested she be fired three times. The fact he withdrew his second request to dismiss counsel (**Docs. 106 & 114**) goes to prove that this latest request is not genuine. In the Court's view, Mr. Roper uses *pro*

8

*se* motions to delay trial and complain about unripe ineffective assistance claims. Neither are appropriate.

The Court now turns to the *Tucker* delay factors.

First, this Court has severe concerns over the actual delay. A continuance would disrupt the Court's calendar, inconvenience witnesses, and inconvenience counsel. Everyone—except Mr. Roper—is ready for this case to go to trial. *See Simpson*, 845 F.3d at 1053. As the United States explained, if this case does not go to trial next week, then there will be a lengthy delay. This is worrisome. *See supra* ¶ II.B.

Next, the Court finds that Mr. Roper could have made this request earlier. True, his desire to represent himself at trial is new. But Mr. Roper hasn't been shy about voicing concerns. He has filed motions about both speedy trial and substituting counsel. Attempts to delay trial have been constant. But this request to represent himself comes—for the first time—over a year into the case. To make matters worse, Mr. Roper was in Court a month ago for a hearing on his second attempt to substitute current counsel. *See* **Docs. 106, 107, 112, 113, 114**. But he withdrew this motion. He said nothing about representing himself, instead waiting another month to request to proceed *pro se*. This timing factor weighs against him.

Finally, the Court concludes Mr. Roper has not provided good reasons for delay. Truth be told, this trial **should** have already occurred. *See* **Docs. 85 & 89**. Indeed, it was on track for an October 15, 2024, trial—but for issues related to fingerprint evidence. *See* **Docs. 101 & 103**. The Court has scheduled two hearings on Mr. Roper's motions to appoint new counsel (**Docs. 90 & 106**). He did not raise the notion of self-representation at either of these earlier hearings (held in August and October). "When faced with a situation of potential abuse, the district court may properly impose restraints on the right to reject counsel to prevent the right from being manipulated

9

so as to obstruct the orderly procedure of the courts." *United States v. Padilla*, 819 F.2d 952, 959 (10th Cir. 1987). In this vein, when the Court continued the case for the fifth time, it stated—in no uncertain terms—that: "**THIS CASE WILL PROCEED TO TRIAL ON THE NEWLY (AND JOINTLY) REQUESTED DATE. Any future motions for continuance will be construed as a frivolous motion made for the purpose of delay or as a willful failure to proceed to trial.**" **Doc. 103 at 2** (bold in original). Consistent with this admonishment, the Court finds Mr. Roper's request to proceed *pro se* and his concomitant last-minute motion for a continuance are not well-taken.

The Court finds that "[Roper's] request to represent himself [i]s untimely. Although the jury ha[s] not yet been impaneled, [Roper] asserted his right to self-representation [thirteen] days before trial in a case that had been going on for nearly a year, that had already been continued, and that . . . would mandate another [] continuance to allow [Roper] to prepare for his own defense." *Smith*, 413 F.3d at 1281.

### D. Absence of a clear and unequivocal intention to represent himself

The Court devoted significant time at the hearing to asking Mr. Roper *why* he wanted to represent himself. That's because this Court should "indulge in every reasonable presumption against waiver" of counsel. *United States v. Burton*, 698 F. App'x 959, 961 (10th Cir. 2017) (unpublished). Plus, the November 5th filing was the first time Mr. Roper declared any such desire to represent himself. As such, the Court did not rely solely on Mr. Roper's Motion (**Doc. 134**). *See Simpson*, 845 F.3d at 1048 (noting a defendant's "other statements or actions may render the request unclear or ambiguous"); *see also United States v. Callwood*, 66 F.3d 1110, 1114 (10th Cir. 1995).[11]

---

[11] The Court finds *Callwood* particularly instructive here. Mr. Roper, like Callwood, complains generally about not receiving "proper representation." Although Mr. Roper is upset about discovery issues and

10

As for those other statements or actions, the Court turns to Mr. Roper's previous *pro se* filings. When he was in court for these prior motions to dismiss counsel, there was no request for self-representation. And these actions—or inactions—provide context. As such, the Court discussed at length Mr. Roper's "musings on the benefits of self-representation." *United States v. Mackovich*, 209 F.3d 1227, 1236 (10th Cir. 2000). And this discussion proved insightful.

The Court learned that if Mr. Roper's request were granted, he would not have been ready for trial on November 18th. In that vein, the Court interprets his request not as "I want to represent myself," but as "I want to represent myself only if the court grants a continuance." *See Simpson*, 845 F.3d at 1047. Such an interpretation has been deemed "reasonable" by the Tenth Circuit. *Id.* at 1048; *see also Stallings v. Franco*, 576 F. App'x 820, 823 (10th Cir. 2014) (unpublished) (concluding a request to proceed was not clear and unequivocal when it was "conditional"). As such, the Court concludes Mr. Roper did not clearly and unequivocally seek self-representation.

## CONCLUSION

The Court concludes Defendant's motion is a delay tactic. Such a finding permits this Court to properly deny his request. *See Pemberton*, 94 F.4th at 1144 (citing *United States v. Akers*, 215 F.3d 1089, 1097 (10th Cir. 2000) ("[A] district court properly denies a request for self-representation where it finds the request was made to delay the trial.")).

**IT IS THEREFORE ORDERED** that Defendant's *pro se* Motion (**Doc. 134**) to dismiss counsel and represent himself is **DENIED**. So, too, is his oral motion for a continuance. Trial shall begin, as scheduled, on November 18, 2024.

**IT IS FURTHER ORDERED** that the oral motions to withdraw, made by both defense

---

Callwood complained about what questions counsel should ask witnesses, neither qualify as an unequivocal request for self-representation. As the *Callwood* Court noted, "there is no right to 'hybrid' representation." *Id.* at 1114.

counsel, are also **DENIED**.

      **IT IS FINALLY ORDERED** that to the extent Defendant challenges the undersigned's impartiality and seeks recusal, that request is **DENIED**. *See supra* ¶ I.

/s/
_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE